UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JANAY BECKFORD, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:11-cv-498 (VLB) |
| CITY OF NEW HAVEN and | | |
| RONALD E. PRESSLY, JR., | : | |
|     Defendants. | : | December 12, 2011 |

## MEMORANDUM OF DECISION GRANTING DEFENDANT'S MOTION TO DISMISS
[Doc. #16]

The Plaintiff, Janay Beckford ("Beckford"), brings this action for monetary damages against the City of New Haven ("New Haven") and Officer Ronald E. Pressley ("Pressley").

The Plaintiff alleges claims of deprivation of her rights to due process and equal protection under the law in violation of Title 42 of the United States Code §1983.  (Count One).  The Plaintiff further alleges that the Defendant violated her Fourth Amendment right against unreasonable search and seizure. (Count Two). The Plaintiff also alleges state common law violations of assault and battery, negligent infliction of emotional distress, and intentional infliction of emotional distress.  (Counts Three, Four, and Five).

Currently pending before the court is the Defendant, City of New Haven's motion to dismiss Counts One through Five of the Amended Complaint, which relate specifically to allegations against the City of New Haven for failure to state a claim upon which relief can be granted.

1

I.      Factual Background

The Parties' pleadings and the submissions filed in accord with the Defendant's Motion to Dismiss establish the following undisputed facts.

Plaintiff is a resident of the Defendant-City of New Haven, a municipal corporation within the State of Connecticut. [Dkt. #28, Amended Compl., ¶¶1-2]. Defendant Pressley is a Police Officer who, at all relevant times, was employed by the Police Department of the City of New Haven. [*Id.* at ¶3]. Plaintiff further alleges that Defendant Pressley was at all times relevant to the actions described acting in his capacity as the agent, servant, and employee of the City of New Haven Police Department. [*Id.*].

On the evening of May 19, 2009, Plaintiff was driving home on Dixwell Avenue, in New Haven, Connecticut when she heard her friend Roshaud Saffold ["Saffold"] talking loudly. [Dkt. #28, Amended Compl., ¶7]. Plaintiff then parked her car on West Avy Street and walked over to Saffold. [*Id.*]. As Plaintiff was walking back to her car with Saffold, Plaintiff alleges that Defendant Pressley approached Plaintiff and Saffold in a police cruiser, shining his headlights on them. [*Id.* at ¶8]. Plaintiff further alleges that Defendant Pressley then got out of his car, pulled out his taser, and fired his taser, hitting Saffold. [*Id.*]. Another police cruise then approached. [Dkt. #28, Amended Compl., ¶9]. As Defendant Pressley continued to taser Saffold, Plaintiff asked Pressley "why do you keep tasering him while he is down on the ground?" [*Id.*]. Plaintiff instructed Saffold to remain on the ground and he complied.

Defendant Pressley and the other Police Officer then asked Plaintiff for her name and address and any information she had about Safford. Plaintiff asserts that she responded to these requests. [Dkt. #28, Amended Compl., ¶10].  Plaintiff then contends that Defendant Pressley approached her from behind and asked her "what the fuck is your name." Plaintiff alleges that she responded, "excuse me?" and Defendant Pressley replied, "your fucking name, I am the fucking law." [*Id.* at ¶11].  After Plaintiff told Defendant Pressley that she had already provided the Officers with the requested information, Plaintiff contends that Defendant Pressley threw Plaintiff on a fence, while the other Officer grabbed a fist full of her hair and forced her face fully into the fence. [*Id.* at ¶¶12-13].

Defendant Pressley and two other New Haven police officers then handcuffed the Plaintiff, lifting her right arm and placing it behind her back, causing Plaintiff to feel a crack and a pop in her right arm. [Dkt. #28, Amended Compl., ¶14].  As Plaintiff cried out in pain, Defendant Pressley placed her in a police cruiser and drove her to Science Park in New Haven. [*Id.*]. While in the police cruise, Plaintiff informed Defendant Pressley and the other police officer that she was experiencing pain in her right arm and received no response. [*Id.* at ¶15]. When the transport wagon arrived, the Transport Officer noticed that Plaintiff's right arm was swelling. He called an ambulance and Plaintiff was transported to the emergency room at St. Raphael's Hospital for medical attention. [*Id.* at ¶16].

II.     Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a

3

'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (internal quotations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949-50). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

4

possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks omitted).

   III.   Discussion

A.  Counts One and Two: §1983 Claims

Counts One and Two of Plaintiff's Amended Complaint set forth claims pursuant to 42 U.S.C. §§1983 and 1988. Specifically, In Count one, Plaintiff alleges that the police officers' actions:

> [D]eprived the Plaintiff of her right to travel, the freedom from unreasonable search, seizure and detention, to be safe in her person and property, right to be free from excessive force by law enforcement personnel, the freedom from false imprisonment, her right to be free from unconstitutional abridgement of the privileges as an American to be free from the aforementioned, unreasonable search, seizure and detention by the Defendant, City of New Haven Police Officers, the freedom from the Defendants aforementioned actions in depriving the Plaintiff of her rights of due process and equal protection of the law. [Dkt. #28, Amended Compl., ¶18].

Although titled "First Count: (Defendant, City of New Haven)", the only reference in Count One to the Defendant City of New Haven include: (1) the statement that Defendant Pressley was a Police Officer with the Police Department of the City of New Haven and "at all times mentioned was acting in such capacity as the agent, servant, and employee of the Defendant City of New Haven Police;" and (2) the statement that the Defendant City of New Haven "was and still is a municipality of the State of Connecticut, which owned, operated,

5

managed, directed and controlled the City of New Haven Police Department which employed the named Defendant Officers." [*Id.* at ¶¶3, 6].

Count Two, titled "Second Count: (Deprivation and/or Violation of Civil Rights by the Defendant City of New Haven)", alleges that the forceful detention, arrest, search and handcuffing of the Plaintiff caused her "bodily harm, extreme pain without just and legal cause, thereby [sic] violating her rights under the Laws and Constitution of the United States in particular 42 U.S.C Sections 1983 and 1988, and the Fourth, Amendment to the United States Constitution." [Dkt. #28, Amended Compl., ¶19]. Specifically, in Count Two, Plaintiff alleges that the conduct of the officers violated Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures, and constituted unlawful detention, false arrest, and excessive force. [*Id.* at ¶¶19, 21]. The only reference to the basis for the Defendant City of New Haven's liability is Plaintiff's assertion that the City of New Haven, through its Police Chief and Police Officers, failed to enforce the laws of Connecticut and regulations of the New Haven Police Department, creating an atmosphere of unlawfulness in which police officers use excessive force. [*Id.* at ¶22].

Both Counts One and Count Two allege liability on the part of the Defendant City of New Haven, a municipality. "In order to prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of*

6

*Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  The fifth element, requiring an official policy, "can only be satisfied where a plaintiff proves that a 'municipal policy of some nature caused a constitutional tort.' " *Ochoa v. City of West Haven*, 2011 WL 3267705, at *8 (D.Conn. July 29, 2011) (citing *Monell*, 436 U.S. at 691).  "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

A plaintiff may "establish municipal liability by showing that a municipal policy or custom existed as a result of the municipality's deliberate indifference to the violation of constitutional rights, either by inadequate training or supervision." *Russo v. City of Hartford*, 341 F. Supp. 2d 85, 107 (D. Conn. 2004). "A municipal policy may be pronounced or tacit and reflected in either action or inaction.  In the latter respect, a city's policy of inaction in light of notice that its program will cause constitutional violations is the functional equivalent of a decision by the city itself to violate the Constitution." *Cash v. County of Erie*, 654 F.3d 324, 334 (2d Cir. 2011) (internal quotation marks and citations omitted).

"Where a § 1983 plaintiff can establish that the facts available to city policymakers put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens, the dictates of *Monell* are satisfied."  *City of Canton v.*

7

*Harris*, 489 U.S. 378, 396 (1989). "[W]here a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate choice, that acquiescence may be properly thought of as a city policy or custom that is actionable under § 1983." *Amnesty Am. v. Town of W. Hartford*, 361 F. 3d 113, 126 (2d Cir. 2004) (internal quotation marks omitted).

"As the Supreme Court has cautioned, 'deliberate indifference' is 'a stringent standard of fault' and ... necessarily depends on a careful assessment of the facts at issue in a particular case" *Cash*, 654 F.3d at 334 (quoting *Connick v. Thompson*, 131 S.Ct. 1350, 1360 (2011)). The Second Circuit has instructed that the "operative inquiry is whether those facts demonstrate that the policymaker's inaction was the result of 'conscious choice' and not 'mere negligence.'" *Id.* (citations omitted). Deliberate indifference then "may be inferred where 'the need for more or better supervision to protect against constitutional violations was obvious,' but the policy maker 'fail[ed] to make meaningful efforts to address the risk of harm to plaintiffs.'" *Id.* (quoting *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995) and *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007)). In addition, "a plaintiff must prove that "'action pursuant to official municipal policy' caused the alleged constitutional injury." *Cash*, 654 F.3d at 333 (quoting *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011)).

In Count One, Plaintiff alleges that Defendant City of New Haven is liable for the purported unconstitutional conduct of Defendant Pressley on the basis of Defendant Pressley's status as "the agent, servant, and employee of the

Defendant City of New Haven Police," an entity "owned, operated, managed directed and controlled" by the Defendant City of New Haven. [Dkt. #28, Amended Compl. ¶¶3,6]. Such a theory of *respondeat superior* municipal liability under §1983 has been expressly rejected by the Supreme Court. *See Monell*, 436 U.S. at 690 ("we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory.").

Although Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss asserts that Plaintiff does not rely on a *respondeat superior* theory of liability, it is well established that a memorandum of law in opposition to a motion to dismiss, even where supported by affidavits, cannot be used to cure a defective complaint. *See Jacobson v. Peat Marwick, Mitchell & Co.*, 445 F.Supp. 518, 526 (S.D.N.Y. 1977) (granting a motion to dismiss despite plaintiff's attempt to cure statutory deficiencies in the complaint through a memorandum of law on the grounds that "a party is not entitled to amend his pleading through statements in his brief"). Moreover, even if the defect could be so cured, the memorandum does not satisfy the pleading standard as it fails to state with particularity the factual basis upon which municipal liability is asserted as required by Fed. R. Civ. Pr. 8(a)(1).

Therefore, to the extent that the language in Count One of the Amended Complaint clearly relies solely on a theory of *respondeat superior* and makes no reference whatsoever to a policy, statement, ordinance, regulation, or decision officially adapted and promulgated by the City of New Haven, nor a policy or

9

custom inferred from the City of New Haven's deliberate indifference to the unconstitutional conduct of New Haven police officers, Plaintiff has failed to plausibly state a claim for which relief may be granted and Defendant's Motion to Dismiss Count One must be granted.

Plaintiff's allegations of municipal liability under Count Two are similarly deficient.  Plaintiff explicitly acknowledges the "rules and regulations of the City of New Haven regarding the use of excessive force," suggesting that policies against such practices exist but are not being observed. Thus, Plaintiff appears to be raising a claim of municipal liability premised on deliberate indifference, arguing that unspecified officials of the City of New Haven knew or should have known of systematic violations of the regulations regarding excessive force, failed to enforce these regulations, "thereby creating an atmosphere of lawlessness." [Dkt. #28, Amended Compl. ¶22]. These allegations, however, are merely conclusory, and are unsubstantiated by facts to permit an inference of deliberate indifference. *See Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993).

Plaintiff has not provided any specific facts to indicate that the City of New Haven's alleged failure to enforce its regulations regarding excessive force to prevent any harm to Plaintiff was the result of a conscious choice, as opposed to mere negligence. *See Cash*, 654 F.3d at 334 (stating that the operative inquiry regarding allegations of deliberate indifference is "whether those facts demonstrate that the policymaker's inaction was the result of 'conscious choice' and not 'mere negligence.'") (citations omitted). Moreover, while she alleges that

10

other incidents of excessive force have occurred, Plaintiff has raised no specific facts to demonstrate that the City of New Haven had either actual or constructive notice of systematic excessive force violations by New Haven police officers in general or other acts of excessive force perpetrated by Officer Pressley. *See Connick v. Thompson*, 131 S.Ct. 1350, 1360 (2011) (holding that deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.") (citation omitted).  Nor has Plaintiff alleged particular facts indicating that excessive force violations by New Haven police officers were obvious and the City of New Haven failed to take any steps to address the risk of harm to allow the Court to infer deliberate indifference. *See Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007).

Although the words "failure to train" do not appear anywhere in either Plaintiff's Original Complaint, or Amended Complaint, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss raises a failure to train theory of liability. However, Plaintiff raises no specific factual allegations regarding a failure to train in her Complaint beyond the conclusory allegations that Defendant City of New Haven "failed to enforce" the relevant laws pertaining to use of force, "creating an atmosphere of lawlessness." As the Supreme Court has held, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick* 131 S.Ct. at 1360 (citing *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 409, 117 S.Ct. 1392 (1997)). Absent an evidence of a pattern of similar violations to provide "notice that a course of

11

training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick*, 131 S.Ct. at 1360.  Even if the memorandum was factually sufficient, it would not have cured the pleading deficiency. *See Jacobson*, 445 F.Supp. at 526.

Therefore here, assuming arguendo that Plaintiff's Amended Complaint raises a claim of municipal liability on a theory of failure to train, absent any factual allegations whatsoever regarding a pattern of excessive force violations by the New Haven Police Department, Plaintiff has not plausibly alleged a claim upon which relief may be granted. Accordingly, Defendant's Motion to Dismiss as to Count Two of Plaintiff's Amended Complaint must be granted.

B.  Counts Three, Four and Five: Connecticut Common Law Tort Claims

Plaintiff has also raised several state common law tort claims against the Defendant City of New Haven, including Assault and Battery, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress.

"Under Connecticut law, a municipality is not vicariously liable for the torts of its employees under the doctrine of *respondeat superior*. While this immunity may be abrogated by statute, no such statute has been cited by Plaintiff." *Ochoa*, 2011 WL 3267705, at *11 (citing *Pinnock v. City of New Haven*, 553 F.Supp.2d 130, 145 (D.Conn. 2008).  Moreover, it is well established in Connecticut that "a political subdivision of the state is immune to suit based on intentional infliction of emotional distress by an employee." *See Miles v. City of* Hartford, 719

F.Supp.2d 207, 218 (D.Conn. 2010). Therefore, the Court grants Defendant's Motion to Dismiss Counts Three, Four and Five of Plaintiff's Amended Complaint.

IV.     Conclusion

Based upon the above reasoning, the Defendant's Motion to Dismiss is GRANTED. The Clerk is directed to terminate Defendant City of New Haven as a Defendant in the action.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: December 12, 2011